**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ANGEL A. GARCIA GARCIA and SANDY
B. RAMOS,

       Plaintiffs,

 -against-

LITTLE VINCENT'S PIZZA INC., LITTLE VINCENT'S, INC., and VINCENT MONACO,

       Defendants.
-----------------------------------------------------------X

22-cv-04717

**COMPLAINT**

   Plaintiffs, ANGEL A. GARCIA GARCIA ("Garcia") and SANDY B. RAMOS ("Ramos") (collectively, "Plaintiffs"), as and for their Complaint against Defendants, LITTLE VINCENT'S PIZZA INC. ("Little Vincent's Pizza"), LITTLE VINCENT'S, INC. ("Little Vincent's"), and VINCENT MONACO ("Monaco") (collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

   1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 146 of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to their employment with Defendants.

   2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

   3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Garcia is an adult male who resides in the State of New York.

6. Ramos is an adult female who resides in the State of New York.

7. Upon information and belief, Monaco is an adult male who resides in the State of New York.

8. Upon information and belief, Little Vincent's Pizza is a domestic business corporation duly organized and existing under the laws of the State of New York.

9. Upon information and belief, Little Vincent's Pizza maintains a principal place of business located at 329 New York Avenue, Huntington, New York 11743.

10. Upon information and belief, Little Vincent's Pizza maintains a principal executive office located at 145 Old Nichols Road, Nesconset, New York 11767.

11. Upon information and belief, Little Vincent's is a domestic business corporation duly organized and existing under the laws of the State of New York.

12. Upon information and belief, Little Vincent's maintains a principal place of business located at 324 Smithtown Blvd, Lake Ronkonkoma, New York 11779.

13. Upon information and belief, Little Vincent's maintains a principal executive office located at 324 Smithtown Blvd, Lake Ronkonkoma, New York 11779.

## FACTS

14. Little Vincent's Pizza owns and operates a pizzeria restaurant known by the same name, Little Vincent's Pizza, located at 329 New York Avenue, Huntington, New York 11743.

15. Little Vincent's owns and operates a pizzeria restaurant known as Little Vincent's Pizza Restaurant located at 324 Smithtown Blvd, Lake Ronkonkoma, New York 11779.

16. Upon information and belief, Little Vincent's Pizza and Little Vincent's were and are part of a single integrated enterprise that jointly employed Garcia.

17. Upon information and belief, Little Vincent's Pizza and Little Vincent's operations were and are interrelated and unified.

18. Upon information and belief, Little Vincent's Pizza and Little Vincent's shared common management, were centrally controlled, and/or were owned by Monaco.

19. Upon information and belief, Little Vincent's Pizza and Little Vincent's shared

20. Upon information and belief, Little Vincent's Pizza and Little Vincent's shared employees, merchandise, and supplies.

21. Garcia is a former employee of Little Vincent's Pizza and Little Vincent's at their pizzeria restaurants.

22. Little Vincent's Pizza and Little Vincent's maintained control, oversight, and direction over Garcia, including timekeeping, payroll, and other employment practices applied to him.

23. Ramos is a former employee of Little Vincent's at its pizzeria restaurant.

24. Little Vincent's maintained control, oversight, and direction over Ramos, including timekeeping, payroll, and other employment practices applied to her.

25. Upon information and belief, at all relevant times, Monaco was an owner, officer, director, shareholder, and/or managing agent of Little Vincent's Pizza and Little Vincent's.

26. Upon information and belief, at all relevant times, Monaco was the President of Little Vincent's Pizza and Little Vincent's.

27. Upon information and belief, at all relevant times, Monaco was the Chief Executive Officer of Little Vincent's Pizza and Little Vincent's.

28. Upon information and belief, at all relevant times, Monaco participated in running the daily operations of Little Vincent's Pizza and Little Vincent's.

29. At all relevant times, Monaco participated in the management and supervision of Plaintiffs and their work for Little Vincent's Pizza and Little Vincent's, respectively.

30. Upon information and belief, at all relevant times, Monaco exercised operational control over Little Vincent's Pizza and Little Vincent's, controlled significant business functions of Little Vincent's Pizza and Little Vincent's, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Little Vincent's Pizza and Little Vincent's in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

31. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Garcia.

32. Little Vincent's and Monaco are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Ramos.

33. Little Vincent's Pizza employed Garcia from in or about 2012 until on or about August 4, 2022.

34. In about March 2021, Garcia began splitting his time worked each week between Little Vincent's Pizza and Little Vincent's.

35. As such, Little Vincent's Pizza and Little Vincent's were Garcia's joint employers from about March 2021 until on or about August 4, 2022.

36. Defendants employed Garcia as a pizza maker for their benefit and at their direction.

37. Garcia's primary job duties included making pizza.

38. From at least August 2016 through about mid-March 2020, Garcia generally worked Monday or Tuesday[1] from about 1:00 p.m. until about 2:30 a.m.; Wednesday, Thursday, and Sunday from about 1:00 p.m. until about 2:30 a.m.; and Friday and Saturday from about 1:00 p.m. until about 4:30 a.m.

39. During this time, Garcia typically worked about eighty-five (85) hours a week.

40. From about March 2021 until on or about August 4, 2022, Garcia generally worked Monday from about 10:00 a.m. until about 9:00 p.m. at Little Vincent's Pizza; Tuesday from about 7:00 a.m. until about 3:00 p.m. at Little Vincent's and then from 5:00 p.m. until about 2:30 a.m. at Little Vincent's Pizza; Wednesday and Thursday from about 7:00 a.m. until about 3:45 p.m. at Little Vincent's and then from 5:00 p.m. until about 2:30 a.m. at Little Vincent's Pizza; and Friday and Saturday from about 3:00 p.m. until about 3:30 a.m. at Little Vincent's Pizza.

41. During this time, Garcia typically worked about ninety (90) hours a week.

42. Little Vincent's and Monaco employed Ramos from on or about April 15, 2021 until on or about August 4, 2022.

43. Little Vincent's and Monaco employed Ramos as a kitchen assistant for their benefit and at their direction.

44. Ramos' primary job duties included prepping food, cleaning, and washing dishes.

45. During her employment, Ramos generally worked Monday through Friday from about 6:45 a.m. until about 3:30 p.m.

---

[1] Garcia's one day off a week rotated between Monday and Tuesday during this time.

5

46. During this time, Ramos typically worked about forty-three and three-quarters (43.75) hours a week.

47. Defendants paid Plaintiffs an hourly rate of pay.

48. Defendants paid Plaintiffs straight-time for all hours worked.

49. Defendants did not pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times their regular rate of pay.

50. Defendants did not pay Garcia spread of hours compensation at a rate of one additional hour of pay at the statutory minimum wage rate for each day that his spread of hours exceeded ten (10).

51. Defendants failed to provide Plaintiffs with a wage notice at the time of their hiring or at any time thereafter, as required by NYLL § 195(1).

52. Defendants failed to provide Plaintiffs with complete and accurate paystubs along with their weekly earnings, as required by NYLL § 195(3).

53. Monaco participated in the decision to hire Plaintiffs.

54. Monaco participated in deciding the job duties that Plaintiffs performed.

55. Monaco participated in the supervision of Plaintiffs' job duties and responsibilities.

56. Monaco participated in setting Plaintiffs' work schedules.

57. Monaco participated in deciding the hours that Plaintiffs worked.

58. Monaco participated in deciding the manner in which Plaintiffs were paid.

59. Monaco participated in deciding the compensation Plaintiffs were paid.

60. Monaco participated in running the day-to-day operations of Little Vincent's Pizza and Little Vincent's during Plaintiffs' employment.

61. Defendants managed Plaintiffs' employment, including the amount of time they worked each week.

62. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

63. Defendants were aware of Plaintiffs' work hours but failed to pay them the proper wages to which they were entitled under the law.

64. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

## COUNT I
## BY GARCIA AS AGAINST ALL DEFENDANTS
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

65. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

66. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

67. Defendants were and are subject to the overtime pay requirements of the FLSA because Little Vincent's Pizza and Little Vincent's were each an enterprise, or together a joint enterprise, engaged in commerce or in the production of goods for commerce during the relevant years of Garcia's employment.

68. At all times relevant to this Complaint, Little Vincent's Pizza and Little Vincent's had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Garcia who handled goods, food items, and equipment that originated outside of the State of New York.

69. Upon information and belief, the gross annual volume of sales made or business done by Little Vincent's Pizza and Little Vincent's, either individually or jointly, for each applicable year, was not less than $500,000.00.

70. At all times relevant to this action, Garcia was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

71. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

72. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Garcia overtime compensation as required by the FLSA.

73. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

74. However, none of the Section 13 exemptions apply to Garcia because he did not meet the requirements for coverage under the exemptions during his employment.

75. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

76. Defendants did not act in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the FLSA, Garcia incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### BY RAMOS AS AGAINST DEFENDANTS LITTLE VINCENT'S AND MONACO
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ*.
### FAILURE TO COMPENSATE FOR OVERTIME

78. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

79. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

80. Defendants Little Vincent's and Monaco were and are subject to the overtime pay requirements of the FLSA because Little Vincent's was an enterprise engaged in commerce or in the production of goods for commerce during the relevant years of Ramos' employment.

81. At all times relevant to this Complaint, Little Vincent's had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Ramos who handled goods, food items, and equipment that originated outside of the State of New York.

82. Upon information and belief, the gross annual volume of sales made or business done by Little Vincent's, for each applicable year, was not less than $500,000.00.

83. At all times relevant to this action, Ramos was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

84. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

85. By the above-alleged conduct, Defendants Little Vincent's and Monaco have violated the FLSA by failing to pay Ramos overtime compensation as required by the FLSA.

86. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

87. However, none of the Section 13 exemptions apply to Ramos because she did not meet the requirements for coverage under the exemptions during her employment.

88. Defendants Little Vincent's and Monaco acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

89. Defendants Little Vincent's and Monaco did not act in good faith with respect to the conduct alleged herein.

90. As a result of Defendants Little Vincent's and Monaco's violations of the FLSA, Ramos incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**BY GARCIA AS AGAINST ALL DEFENDANTS**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
<u>**FAILURE TO COMPENSATE FOR OVERTIME**</u>

91. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

92. At all times relevant to this Action, Garcia was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

93. At all times relevant to this Action, Defendants were an "employer" of Garcia within the meaning of the NYLL and the supporting Regulations pertaining thereto.

94. At all times relevant to this Action, Little Vincent's Pizza owned and operated Little Vincent's Pizza, which is a restaurant as defined by the regulations pertaining to the NYLL.

95. At all times relevant to this Action, Little Vincent's owned and operated Little Vincent's Pizza Restaurant, which is a restaurant as defined by the regulations pertaining to the NYLL.

96. At all times relevant to this Action, Garcia was an "employee" within the meaning of the NYLL and the supporting Regulations pertaining thereto.

97. At all times relevant to this Action, Garcia was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

98. At all times relevant to this Action, Defendants employed Garcia by suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

99. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Garcia.

100. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

101. By the above-alleged conduct, Defendants failed to pay Garcia overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

102. By the above-alleged conduct, Defendants failed to pay Garcia overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

103. Garcia was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the exemptions available under New York law.

104. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

105. Defendants did not act in good faith with respect to the conduct alleged herein.

106. As a result of Defendants' violations of the NYLL, Garcia incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT IV**
**BY RAMOS AS AGAINST DEFENDANTS LITTLE VINCENT'S AND MONACO**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

107. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

108. At all times relevant to this Action, Ramos was employed by Defendants Little Vincent's and Monaco within the meaning of New York Labor Law §§ 2 and 651.

109. At all times relevant to this Action, Defendants Little Vincent's and Monaco were an "employer" of Ramos within the meaning of the NYLL and the supporting Regulations pertaining thereto.

110. At all times relevant to this Action, Little Vincent's owned and operated Little Vincent's Pizza Restaurant, which is a restaurant as defined by the regulations pertaining to the NYLL.

111. At all times relevant to this Action, Ramos was an "employee" within the meaning of the NYLL and the supporting Regulations pertaining thereto.

112. At all times relevant to this Action, Ramos was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

113. At all times relevant to this Action, Defendants Little Vincent's and Monaco employed Ramos by suffering or permitting her to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

114. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Ramos.

115. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

116. By the above-alleged conduct, Defendants Little Vincent's and Monaco failed to pay Ramos overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

117. By the above-alleged conduct, Defendants Little Vincent's and Monaco failed to pay Ramos overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants Little Vincent's and Monaco.

118. Ramos was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of her employment, because she did not meet the requirements for any

of the exemptions available under New York law.

119. Defendants Little Vincent's and Monaco acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

120. Defendants Little Vincent's and Monaco did not act in good faith with respect to the conduct alleged herein.

121. As a result of Defendants Little Vincent's and Monaco's violations of the NYLL, Ramos incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT V**
**BY GARCIA AS AGAINST ALL DEFENDANTS**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

122. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

123. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Garcia an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Garcia's workday exceeded ten (10) hours.

124. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Garcia's rights.

125. As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Garcia has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

126. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

127. Defendants willfully failed to furnish Plaintiffs with compliant wage notices during their employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

128. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

129. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VII
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

130. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

131. Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were

to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

132. Through their knowing and intentional failure to provide Plaintiffs with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

133. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through their attorneys, THE NHG LAW GROUP, P.C., demand judgment against Defendants and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that all Defendants committed one or more of the following acts:

        1.    Willfully violated provisions of the FLSA by failing to pay Garcia overtime compensation;

        2.    Willfully violated the provisions of the NYLL by failing to pay Garcia overtime compensation and spread of hours pay;

        3.    Willfully violated the provisions of the NYLL by failing to provide Garcia with wage notices and statements;

    B.    Declare and find that Defendants Little Vincent's and Monaco committed one or more of the following acts:

        1.    Willfully violated provisions of the FLSA by failing to pay Ramos overtime compensation;

  2.  Willfully violated the provisions of the NYLL by failing to pay Ramos overtime compensation;

  3.  Willfully violated the provisions of the NYLL by failing to provide Ramos with wage notices and statements;

C. Award compensatory damages, including all wages owed, in an amount according to proof;

D. Award liquidated damages under the NYLL, or alternatively the FLSA;

E. Award statutory damages under the NYLL;

F. Award interest on all NYLL wages due accruing from the date such amounts were due;

G. Award all costs and attorneys' fees incurred in prosecuting this action; and

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
   August 10, 2022

               THE NHG LAW GROUP, P.C.

               By: Keith E. Williams, Esq.
               *Attorneys for the Plaintiffs*
               4242 Merrick Road
               Massapequa, New York 11758
               Tel: 516.228.5100
               keith@nhglaw.com